UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLINDA MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2047 |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Tyson Foods, Inc.'s ("Tyson Foods") Partial Motion to Dismiss (Doc. 3), as well as Plaintiff Glinda Martin's ("Martin") Response (Doc. 9) and Tyson Foods' Reply (Doc. 10). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that the motion should be granted in part and denied in part.

I.  Background and Relevant Facts

This is an employment discrimination case. On or about July 9, 2008, Tyson Foods hired Martin as a worker at its meat processing plant located at 3100 Canal Street in Houston, Texas. (Doc. 9, Exh. 5.) Over the course of the following year, Martin had several excused absences due to illness. (*Id.*)  On June 16, 2009, Tyson fired Martin for violations of its Hourly Attendance Policy. (Doc. 4 at 3.)

On June 23, 2009, Martin filed a Charge of Discrimination against Tyson Foods with the Texas Workforce Commission Civil Rights Division. (Doc. 1 at 6.) On March 10, 2010, Martin received her right to sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.*) On June 10, 2010, Martin filed a pro se complaint against Tyson Foods for discrimination on the basis of race, disability, sex, national origin and religion, as well as for

creating a hostile working environment, all in violation of Title VII of the Civil Rights Acts of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq.* (Doc. 1.) Tyson Foods now moves for partial dismissal of Martin's claims for sex, national origin, and religious discrimination and for hostile work environment. (Doc. 3.)

II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts to state a claim for relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). The issue before the Court is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Pro se litigants' court submissions are construed liberally and held to less stringent standards than submissions of lawyers. *Boag v. MacDougall*, 454 U.S. 364 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Haines v. Kerner*, 404 U.S. 519 (1972). Courts provide pro se parties wide latitude when construing their pleadings and papers, and use common sense to determine what relief the party desires. *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992).

III.  Discussion

Tyson Foods contends that Martin's sex, national origin, and religious discrimination and hostile work environment claims must be dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 2000e-5(e). (Doc. 3.) Martin's EEOC Charge of Discrimination makes no reference to sex, national origin, religion, or to a hostile work environment. (Doc. 1 at 6.) Only the boxes for "Race" and "Disability" are checked. (*Id.*) The

"Particulars" section includes the following:

> I.  I was terminated by my employer on June 16, 2009 for excessive absences.  Will Hernandez, Hispanic, Supervisor, informed me that I did not follow proper procedures for calling in for an absence.  Respondent used a point system for discipline purposes.  I had accumulated several excused absences, but company policy states that an employee is to receive zero points for excused absences.  Will had no response when I asked him why he was counting my excused absences.  Also, for the final absence, I was terminated after calling in 5 minutes before my shift.  Company policy allows employees to call in "immediately," upon knowledge of an absence.  Respondent has several Hispanic employees who have violated company policies on attendance and have not been terminated.  Also, before my termination, I had complained to my supervisor, Art Cruz, Hispanic, and Will Hernandez about unequal work conditions.  Nothing was ever done about it.
>
> 2.  I believe that I have been discriminated against due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Americans with Disabilities Act of 1990, as amended, [sic]

(*Id*.)

It is well settled that district courts may only consider "specific allegations made in [an] EEOC complaint, as well as 'any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.'" *Thomas v. Atmos Energy Corp.*, 223 Fed. Appx. 369, 376 (5th Cir. 2007), *quoting Fine v. GAF Chem. Corp.,* 995 F.2d 576, 578 (5th Cir. 1993).  "We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label . . . .  To be clear, we do not require that a Title VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).  Instead, "the crucial element of a charge of discrimination is the factual statement contained therein." *Manning v. Chevron Chem. Co.,*

*L.L.C.*, 332 F.3d 874, 879 (5th Cir. 2003), *quoting Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970). Martin's Charge does not contain a "factual statement" supporting her allegations of discrimination based on sex, national origin, or religion. (Doc. 1 at 6.)

Martin contends that her Charge does not adequately represent the statement she provided to Tyson in a demand letter and on her EEOC Intake Questionnaire form. (Doc. 16, Exh. 2.) Martin says that she "repeatedly complained to the commission that they did not check those other blocks and was told by the clerk that it did not matter." (Doc. 9 at 5.) Martin's Intake Questionnaire states:

> I was terminated for an action that was conducted by other employees from another race, ethnic group and some of other sex that were not terminated, considered for termination or disciplined at all. I believe that the actions are motivated by race, my sex and because I am an African-American Woman while all of the other employees that are giving me hell (creating an intimidating, hostile and offensive environment) on the job. I'm left to accomplish task on my own while others have a team to do the same job, task and assignments. The Hispanic employees are allowed and provided a co-worker, and [sic]

(Doc. 16, Exh. 2.)

Tyson responds that because the EEOC "prepared a formal charge for Martin which she signed under oath. . . . [she] cannot credibly argue that she erroneously presumed that her demand letter to Tyson would be construed by the EEOC as a formal or supplemental charge." (Doc. 10 at 5.) Even if the absence of some of her claims resulted from an oversight on the part of the EEOC, Martin nevertheless signed the Charge. *See Novitsky v. American Consulting Engineers, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) (holding that the failure of an EEOC staffer to include all claims on an Intake Questionnaire in the Charge does not allow a complainant to broaden the scope of her claim).

Nevertheless, the Court may consider "supporting documentation" beyond the "four

corners" of the Charge, including the Intake Questionnaire and attached statements, when determining whether administrative remedies have been exhausted. *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 (5th Cir. 1994); *see Federal Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008) (holding that in some circumstances "a wide range of documents might be classified as charges," including Intake Questionnaires). Courts have considered information outside the Charge when: "(1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation." *Kojin v. Barton Protective Services*, 339 F.Supp.2d 923, 929 (S.D. Tex. 2004), *quoting Hayes v. MBNA Technology, Inc.*, 2004 WL 1283965 *6, (N.D. Tex. June 9, 2004). Here, although Tyson had knowledge of the contents of the demand letter, Martin's claims of sex, national origin, and religious discrimination are not a reasonable consequence of any facts in her EEOC charge.

As for Martin's hostile work environment claim, Tyson argues "Martin failed to allege in the narrative of her administrative charge that she was subjected to harassment or a hostile work environment while employed by Tyson." (Doc. 3 at 5.) Martin alleges that Hispanic workers and supervisors "ostracized" her, "block[ing] the doors access to facilities . . . in front of the supervisors and managers," forcing her to work alone on tasks requiring a team, and covering for each other's absences and breaks while confining her to the assembly line. (Doc. 1 at 2-3; Doc. 16, Exh. 2.) Martin states on her Intake Questionnaire that Hispanic coworkers are "giving me hell (creating an intimidating, hostile and offensive environment)." (Doc. 16, Exh. 2.)

In *Cooper v. Wal-Mart*, the court relied on handwritten notes attached to an EEOC charge to support a hostile work environment claim. *Cooper v. Wal-Mart Transp., LLC*, 662 F.Supp.2d 757, 773 (S.D. Tex. 2009). "Reading [the] Charge of Discrimination and [Plaintiff's] notes

together makes it apparent that his hostile work environment claim is like or related to the discrimination claim." *Id*. at 774.  Although the notes were not provided to the defendant, the court reasoned that "[b]ecause Wal-Mart was aware of many of the alleged incidents . . . described in the notes he attached to that Charge, the notes are appropriately considered in deciding whether the hostile work environment claim would reasonably fall within the scope of the EEOC's investigation." *Id*.

"One of the central purposes of the employment discrimination charge is to put employers on notice of 'the existence and nature of the charges against them.'" *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 878 (5th Cir. 2003), *quoting EEOC v. Shell Oil Co.*, 466 U.S. 54, 77 (1984).  Tyson asserts that it "had no way of knowing what Martin told the EEOC before or on the day she filed her formal charge, aside from what was actually included in the formal charge itself."  (Doc. 10 at 4.)  However, Tyson can be charged with knowledge of these facts from Martin's demand latter.  (Doc. 9, Exh. 2.)

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Tyson Foods, Inc.'s Motion for Partial Dismissal (Doc. 3) is **GRANTED in PART** and **DENIED in PART**.  Martin's claims for sex, national origin, and religious discrimination are **DISMISSED**.

SIGNED at Houston, Texas, this 23rd day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE